**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Intimateco LLC, | Civil Action No.: |
| *Plaintiff,* | |
| v. | |
| Bliss Lingerie Corp., Bliss Lingerie NYC, Inc., Albert (a/k/a Abraham, a/k/a Ibrahim) Mizrahi, Kidz World, Inc., Victor Dana (I), and Park Slope-N-Corp, Victor Dana (II) | |
| *Defendants.* | |

**COMPLAINT
<u>AND REQUEST FOR TRIAL BY JURY</u>**

Plaintiffs INTIMATECO LLC (hereinafter, "Plaintiff" or "Intimateco") hereby file this Complaint against DEFENDANTS BLISS LINGERIE CORP., BLISS LINGERIE NYC, INC. (collectively referred to as "Bliss Lingerie"), ALBERT (a/k/a ABRAHAM, a/k/a IBRAHIM) MIZRAHI ("Mizrahi"), KIDZ WORLD, INC. ("Kidz World"), VICTOR DANA (I) ("Dana (I)"), PARK SLOPE-N-CORP ("Park Slope"), and VICTOR DANA (II) ("Dana (II)") (collectively hereinafter "Defendants") on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities and/or state of mind of Defendants and others:

<u>**PARTIES**</u>

1.  Plaintiff Intimateco LLC is a limited liability company organized and existing under the laws of New York, with its principal place of business located at 149 Madison Ave., New York, NY 10016.

2.   Defendants Bliss Lingerie Corp. and Bliss Lingerie NYC, Inc. are close corporations organized and existing under the laws of New York, having a common principal place of business at 2416 E. 7th Street, Brooklyn, New York 11223. Also, on information and belief, Bliss Lingerie and Bliss Lingerie NYC are related or affiliated corporations and maintain an office and a showroom at 19 W 34th St, suite 1010 and suite 905, New York, NY 10001.

3.   Defendant Albert Mizrahi is an individual who is believed to reside at 2416 E. 7th Street, Brooklyn, New York 11223, and is believed to be the President of Bliss Lingerie. Also, on information and belief Albert Mizrahi actively controls and directs the day to day business of operations Defendants Bliss Lingerie Corp. and Bliss Lingerie NYC.

4.   Defendant Kidz World, Inc. is a corporation organized and existing under the laws of New York, with its principal places of business at Empire State Bldg 350, New York, New York 10118 and/or at 350 5th Avenue, Suite 5005, New York, New York 10118-5002.

5.   Defendant Victor Dana (I) ("Dana (I)") is an individual who is CEO of Kidz World, Inc. and on information and belief resides at 1241 Ave. T, Brooklyn, NY 11229.

6.   Defendant Park Slope-N-Corp is a corporation organized and existing under the laws of New York, with its principal places of business at 1872 McDonald Avenue, Brooklyn, New York, 11223.

7.   Defendant Victor Dana (II) ("Dana (II)") is an individual who is CEO of Park Slope-N-Corp and on information and belief resides at 2075 East 7th Street, Brooklyn, NY 11223, and is a partner of Kidz World, Inc.

## JURISDICTION & VENUE

8.   This Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act (15 U.S.C. § 1121), the U.S. Copyright Act and 28 U.S.C. §§ 1331 and 1338.

9.   This Court has supplemental jurisdiction over Plaintiff's related state statutory and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

10. Defendants are doing business in New York and in this District and are subject to the jurisdiction of this Court.

11. This Court has personal jurisdiction over Defendants pursuant to N.Y.C.P.L.R. §302. Defendants transact business in the State of New York and in this District. Specifically, by continuously soliciting business from New York residents, accepting payment from New York residents in U.S. dollars, and by delivering infringing underwear products to residents of New York, Defendants have transacted business in New York and have engaged in interstate commerce and have wrongfully caused Plaintiff substantial injury in the State of New York. In addition, this Court has personal jurisdiction over Defendants because this Action arises out of Defendants' sale of infringing underwear into the State of New York, from which Defendants have derived substantial revenue and which is causing foreseeable harm in New York. In addition, Defendants have made multiple shipments of infringing underwear to this District.

12. As such, Defendants have minimum contacts with the State of New York, can reasonably anticipate being haled into court in New York, and it would not offend traditional notions of fair play and due process to subject them to this court's personal jurisdiction.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). Venue is also proper pursuant to 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in this District under New York law.

## BACKGROUND FACTS

### Intimateco LLC and Its Protected Intellectual Property

14. Plaintiff Intimateco LLC is a clothing and accessories manufacturer, wholesaler and importer based in New York, New York that manufactures, imports, and sells women's and children's underwear, women's shapewear, and intimate apparel and has been doing business since 2008.

15. In the course of its normal business practices, Plaintiff has expended considerable time, effort, and money developing its trade secrets and confidential business information, including

but not limited to customer names, manufacturing sources, manufacturing cost details, drawings, test data, and other business and financial information about the design and manufacturing process for its underwear products.

16. In addition, Plaintiff has undertaken efforts to ensure that its trade secrets and confidential business and financial information are kept secret and confidential and are not generally known to the public. Its efforts include, but are not limited to, (1) identifying materials as proprietary and confidential information belonging to Plaintiff; (2) maintaining computer files in a password-protected system (*see* Intimateco LLC's "Electronic Information Technology Policy" **signed by Defendant Mizrahi** attached as Exhibit A); and (3) selectively including only those persons within the organization that need to be in the loop on specific information.

17. On or about November 5, 2010, Plaintiff Intimateco LLC. began using in interstate commerce the mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE. ("Plaintiff's Mark") in connection with underwear, namely "briefs; panties."

18. Since November 2010, Plaintiff has been continuously using and advertising the mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE. in connection with its products.

19. As such, Plaintiff filed a trademark application on July 8, 2016, which resulted in U.S. Trademark Application Serial No. 87/097,295 for the mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE., (See U.S. Trademark Application Serial No. 87/097,295, including proof of usage in commerce going back to 2010, annexed hereto as Exhibit B).

20. Plaintiff Intimateco is the owner of an original work of authorship used on its packaging design, and related artwork and text, which is the subject of a U.S. Copyright Registrations, Registration No. VA 2-008-547 (the "Intimateco Copyright"). (A copy of Copyright Registration No. VA 2-008-547 and photographic deposits, and documentary evidence proving a creation date of 2011 of the text and artwork/design are annexed hereto as Exhibit C).

**<u>Defendant Mizrahi's Employment at Intimateco LLC</u>**

21. Defendant Albert (a/k/a/ Abraham) Mizrahi was a full time employee (sales person) and Vice President of operations at Plaintiff Intimateco from February 2011 to August 2013. (W-2 Forms from Intimateco's files will be provided to the Court to verify Defendant Mizrahi's employment at Intimateco during this time period). (*See* submitted Resume of Defendant Albert Mizrahi from Intimateco's files verifying that Mizrahi's prior experience was in electronics and jewelry and that prior to working at Intimateco, he had no prior experience in the intimate apparel field, attached as Exhibit A1) (This is a confidential exhibit which will be filed with the Court UNDER SEAL for the Court's inspection.).

22. Because of Defendant Mizrahi's employment and trusted position at Intimateco LLC, Defendant Mizrahi was privy to and had access to Plaintiff's trade secrets and/or confidential information, including but not limited to Intimateco's intellectual property (including Intimateco's use of its trademark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE. and packaging designs), customer names and customer relationships between Intimateco and its retail customers, including names of buyers and manufacturers, inventory lists, information relating to pricing and terms of payment, manufacturing cost details, drawings, test data, and other information about (new) designs for its underwear products.

23. Plaintiff Intimateco shared this confidential and proprietary information with Defendant Mizrahi, as its employee, and Defendant Mizrahi agreed not to divulge or appropriate for his own use or for the use of others any secret or confidential information or knowledge obtained by him or disclosed to him during his employment at Intimateco LLC.

**Defendants' Unlawful Conduct**

    **A.**    **During Defendant Mizrahi's Employment at Intimateco LLC, Defendant Mizrahi Set Up Bliss Lingerie Corp. as a Competing Business and Copied and Stole Plaintiff's Trademark and Copyrightable Packaging Design and Falsely Registered Them as His Own.**

24. On October 18, 2012, during the course of and in violation of his employment at Intimateco LLC, Defendant Mizrahi set up a New York limited liability company, Bliss Lingerie Corp., with the NYS Department of State. (*See* NYS Department of State records for Bliss Lingerie Corp. attached as Exhibit D). Similar to Intimateco's business, Bliss Lingerie Corp. was set up by Defendant Mizrahi as a side business to sell underwear and lingerie while he was employed to by Intimateco LLC to sell Intimateco's underwear and lingerie products.

25. In fact, Defendant Mizrahi would not accept a commission check from Intimateco LLC for sales made until this corporation was opened. Defendant Mizrahi told Eli Levy, president of Intimateco, that he needed to open a corporation so that he could legally expend certain expenses that he had laid out to generate sales that Intimateco would not pay for. However, Intimateco later discovered that the preceding claim by Mizrahi was a lie, and that Bliss lingerie was in fact opened in order to compete with Intimateco. (*See* Eli Levy's November 14, 2012 email and related correspondence to Defendant Mizrahi wherein Mizrahi continually refused and evaded personally accepting commission payments from Intimateco until Mizrahi set up Bliss Lingerie as a New York Corporation, attached hereto as Exhibit D1).

26. Also, on information and belief, on February 23, 2016, Defendant Mizrahi set up a second corporation, Bliss Lingerie NYC, Inc., having the same address as Bliss Lingerie Corp, that is a related or affiliated corporation of Bliss Lingerie Corp. and is also controlled by Defendant Mizrahi. On information and belief, Bliss Lingerie NYC was also set up to sell underwear and lingerie. (*See* NYS Department of State records for Bliss Lingerie NYC, Inc. attached as Exhibit E).

27. On September 16, 2015, Defendant Mizrahi copied and stole Plaintiff Intimateco's trademark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE. and falsely and improperly filed this mark as his own for registration in the name of his company, Bliss Lingerie Corp., with the U.S. Trademark Office. Also, Defendant Mizrahi is selling underwear products bearing said Plaintiff's stolen mark which creates confusion as to source in the marketplace. (*See* Exhibit L, photographic comparison of Plaintiff's Red INTECO® packaging for "5 Briefs Value Pack" bearing Intimateco's trademark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE. on the back, and Defendant Bliss Lingerie's Blue packaging for "Bliss Lingerie Briefs" bearing the identical mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE. on the back).

28. Specifically, Defendant Mizrahi's trademark registration (Reg. No. 4,968,037) for the mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE. claims a first date of use of January 21, 2011 claims a first date of use in commerce of August 29, 2013, and is registered for use with "underwear, namely, panties, hipsters, boylegs, underpants, briefs, hicuts, bikinis, thongs, shapewear, and girdles." (See copy of Trademark Reg. No. 4,968,037 attached as Exhibit F). On information and belief, Mizrahi's claimed first date of use of January 21, 2011 is false because prior to working at

Intimateco in February 2011, Mizrahi had no experience in the intimate apparel business (see Mizrahi's resume at Ex. A1).  Also, on information and belief, Mizrahi's claimed first date of use in commerce of August 29, 2013 is false because during this time Mizrahi was an employee at Intimateco and this claimed date was after and subsequent to *Plaintiff's* Nov. 5, 2010 first use of this mark in commerce. In addition, on information and belief, Mizrahi's company Bliss Lingerie, and Kidz World have no import records before April 2014 for panties bearing the said trademark. Therefore, Mizrahi's claimed first date of use in commerce of August 29, 2013 is false for this additional reason.

29. In addition, on information and belief, Defendant Kidz World, Inc., through the direction and control of its CEO, Victor Dana (I), and his partner Victor Dana (II) is violating Plaintiff's trademark rights by importing, shipping, and selling Mizrahi's and Bliss Lingerie's infringing underwear products bearing Defendants Mizrahi's and Bliss Lingerie's infringing trademark.

30. On October 9, 2015, Defendant Mizrahi copied and stole Plaintiff Intimateco's packaging design and falsely and improperly filed this design as his own for registration in the name of his company, Bliss Lingerie Corp., with the U.S. Copyright Office and obtained Copyright Registration No. VA 1-995-798. (*See* copy of Copyright Reg. No. VA 1-995-798 attached as Exhibit G). Copyright Registration No. VA 1-995-798 claims a creation date of 2011 and a publication date of August 29, 2013, which is the same date that Mizrahi falsely claimed that he first used the mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE. in interstate commerce.

31. On information and belief, Mizrahi's claimed creation and publication dates for Copyright Registration No. VA 1-995-798 were false because they were during the time of his employment at Intimateco.

32. Defendants Mizrahi and Bliss Lingerie continue to sell underwear in packages bearing Plaintiff's copyrighted design and text. (*See* Exhibit L, photographic comparison of Plaintiff's Red INTECO® packaging for "5 Briefs Value Pack" bearing Intimateco's copyrighted text and design, and Defendant Bliss Lingerie's Blue packaging for "Bliss Lingerie Briefs" bearing the identical text and design).

33. In addition, on information and belief, Defendant Kidz World, Inc., through the direction and control of its CEO, Victor Dana (I), and his partner Victor Dana (II), is violating Plaintiff's copyright rights by importing, shipping, and selling Mizrahi's and Bliss Lingerie's infringing underwear products bearing Defendants Mizrahi's and Bliss Lingerie's infringing design.

34. Defendants' pirating of Intimateco's intellectual property and proprietary and confidential corporate information is extremely harmful to Plaintiff Intimateco. Given Defendants Mizrahi's and Bliss Lingerie's direct and intentional copying of Plaintiff's trademark and packaging design it is inevitable that consumers will continue to confuse Defendants Mizrahi's and Bliss Lingerie's infringing underwear products with Intimateco's underwear products, and will mistakenly believe that Intimateco has created, endorsed, or is affiliated with, the Defendants Mizrahi and Bliss Lingerie.  Defendants are unlawfully deriving sales and profits from Intimateco's intellectual property and proprietary and confidential corporate information, and Intimateco is suffering immediate and ongoing irreparable harm to its goodwill and reputation, as well as substantial financial damages.

**B.**     **During Defendant Mizrahi's Employment at Intimateco LLC, Defendant Mizrahi Stole and Converted Plaintiff Intimateco's Confidential Business and Financial Information.**

35. On information and belief, despite Plaintiff's aforementioned safeguards to keep its corporate and proprietary business information confidential and secret, and without Plaintiff's

consent, Defendant Mizrahi copied and used Intimateco LLC's customer names and customer relationships between Intimateco and its customers, including names of buyers and manufacturers, information relating to all QuickBooks recorded information relating to costs, sales, profits, inventory, overhead, style numbers, customer names, factory names, customer information, factory information, pricing, thousands of copyrightable product designs, thousands of copyrightable packaging designs, pictures of thousands of products and styles being sold (identified in the 87 page inventory report) (*See* Exhibit H, copy of Defendant Mizrahi's June 12, 2013 email with 87 page attachment of inventory and product list of every style and design being sold by Intimateco).

36. On information and belief, in 2011 while Defendant Mizrahi was employed at Intimateco, LLC, Defendant without permission learned the name and contact information of Intimateco's vendor, Ideal Clothing Industry Ltd. Defendant Mizrahi then used this information to contact Ms. Aggie Jin of Ideal Clothing Industry Ltd. to inquire about purchasing from Ideal a "5 pack panties brief, bikini, hi cuts" product based (on information and belief) on Intimateco's product and packaging design.  (*See* October 2013 email correspondence between Eli Levy of Intimateco and Aggie Jin of Ideal Clothing discussing same, and wherein Ms. Jin expressed her surprise how Defendant Mizrahi obtained Ms. Jin's contact information, and the pricing for the 5pk panties that Ideal clothing was selling to Intimateco, attached as Exhibit O).

37. On information and belief, on June 12, 2013, while Defendant Mizrahi was employed at Intimateco, LLC, Defendant improperly and in violation of Intimateco LLC's "Electronic Information Technology Policy" emailed Intimateco LLC's confidential inventory and product list from Intimateco's confidential computer files to Defendant Mizrahi's personal email address. Intimateco LLC's confidential inventory and product list is an 87 page spread sheet report listing

every product being sold by Intimateco (including thousands), their style nos., quantities, average cost, and sales price, (overhead, and profit information). (*See* Exhibit H, copy of Defendant Mizrahi's June 12, 2013 email with 87 page attachment of inventory and product list of every style and design being sold by Intimateco). Electronic records that are stored on a computer and are indistinguishable from printed documents are subject to a claim of conversion in New York.

38. On information and belief, on June 18, 2013, while Defendant Mizrahi was employed at Intimateco, LLC, Defendant improperly and in violation of Intimateco LLC's "Electronic Information Technology Policy" emailed Intimateco LLC's confidential "DUNS number" from Intimateco's confidential computer files to Defendant Mizrahi's personal email address. (*See* June 18, 2013 email from Defendant Mizrahi wherein Mizrahi obtained and had access to Intimateco's "DUNS number" in April 2011 which was later forwarded to Mizrahi's personal email in June 2013, attached as Exhibit P)(This is a confidential exhibit which will be filed with the Court UNDER SEAL for the Court's inspection.). On information and belief, forwarded himself Intimateco's confidential "DUNS number" in order to damage Intimateco's credit by fabricating and reporting negative information to DUNS for his own or Bliss Lingerie's benefit.  Moreover, since Mizrahi set up Bliss Lingerie as a competing business while he was an employee at Intimateco, the downgrading of Intimateco's credit would be profitable to Mizrahi and Bliss Lingerie.

39. Also, on August 30, 2016, Eli Levy, president of Intimateco, LLC, received a threatening letter, on information and belief sent to him by Defendant Mizrahi.  This letter states and admits that while Defendant Mizrahi was an employee at Intimateco, Mizrahi made copies of all confidential and proprietary records of Intimateco, including all QuickBooks recorded information relating to the varying costs to each style based on many pricing dynamics in China such as raw material costs, labor conditions, varying labor wages, inspection costs, packing costs, and many other variables

relating to costs, sales, profits, inventory, overhead, style numbers, customer names, factory names, customer information, factory information, pricing, thousands of copyrightable product designs, thousands of copyrightable packaging designs, pictures of thousands of products and styles being sold, (*See* Exhibit I, August 30, 2016 Letter from Mizrahi, (This is a confidential exhibit which will be filed with the Court UNDER SEAL for the Court's inspection.)). Electronic records that are stored on a computer and are indistinguishable from printed documents are subject to a claim of conversion in New York.

40. A similar threat to the one Mr. Levy received on August 30, 2016, was sent in text format on or about August 17, 2016 to Intimateco's partner, Gabriel Sutton. (*See* Exhibit I1, Text Message from Defendant Albert Mizrahi to Gabriel Sutton, (This is a confidential exhibit which will be filed with the Court UNDER SEAL for the Court's inspection.)).

41. In addition, on March 2, 2013, while Defendant Mizrahi was employed at Intimateco, Mizrahi even threatened to inflict physical harm on a co-worker as retribution for an alleged wrong done to him by said co-worker at the workplace. (*See* March 2, 2013 email from Albert Mizrahi to Jack Senior, Gaby Sutton, and Eli Levy attached hereto as Exhibit I2)(This is a confidential exhibit which will be filed with the Court UNDER SEAL for the Court's inspection.).

42. On information and belief, this letter also threatens that Defendant Mizrahi will disclose Intimateco's confidential inventory and product list, QuickBooks records, U.S. Customs records, and all the computer business records of the company to Plaintiff's competitors in order to destroy Plaintiff Intimateco's business. (*See* Exhibit I, and I1).

43. To date, Defendant Mizrahi has failed to return Plaintiff Intimateco's confidential inventory and product list, QuickBooks records, and all of the computer business records of the company that he copied and stole. On information and belief Defendant Mizrahi has improperly converted and

misappropriated Plaintiff Intimateco LLC's confidential inventory and product list for his own economic gains.

### C.   Defendant Mizrahi Shared Plaintiff Intimateco's Confidential Business and Financial Information With the Other Defendants.

44. On information and belief, during his employment at Intimateco LLC, Mizrahi through his companies Bliss Lingerie solicited and sold Defendant Park Slope-N-Corp's underwear products to Intimateco LLC's customers, including Citi Trends. In fact, on June 18, 2013, Citi Trends' Traffic Manager, Sarah Holland, had sent an email to Citi Trends' buyer, Eileen Neifert, who had issued an order to Park Slope-N-Corp based on Mizrahi's solicitation. In the June 18 email, Ms. Holland inquired about whether Park Slope-N-Corp was owned by or affiliated with Intimateco since up until that time, Ms. Holland only knew that Mizrahi represented Intimateco and was confused as to which company Park Slope-N-Corp was. (*See* June 18, 2013 email from Citi Trends' Traffic Manager, Sarah Holland, attached hereto as Exhibit N).

45. On information and belief, Defendant Mizrahi has a familial relationship (believed to be Mizrahi's father-in-law) with Defendant Victor Dana (II), the CEO of Park Slope-N-Corp.  Thus, on information and belief, Defendants Victor Dana (II) and Park Slope-N-Corp knew and or should have known of: Defendant Mizrahi's employment at Intimateco LLC, that Mizrahi was forbidden to sell and solicit underwear products on behalf of another company during the course of his employment with Intimateco LLC, and who Intimateco's customers were, *e.g.*, Citi Trends, by the confidential information Mizrahi gained through the course of his employment at Intimateco.

46. Moreover, on information and belief, Defendants Victor Dana (II) and Park Slope-N-Corp knew that the customers that Mizrahi was selling the Park Slope-N-Corp underwear to were Intimateco's customers and that Mizrahi had learned about these customers through and during the course of his employment at Intimateco.

47. In addition, on information and belief Defendant Victor Dana (I), and Victor Dana (II) learned the names of Intimateco's manufacturing factories through Mizrahi and used them to manufacture underwear products for Victor Dana (I)'s and Victor Dana (II)'s company Kidz World, Inc.

48. Moreover, on information and belief, Defendants Victor Dana (I), Victor Dana (II), and Kidz World, Inc. knew that the factories that it was using to manufacture its underwear products were Intimateco's factories and that Mizrahi had learned about these factories through and during the course of his employment at Intimateco.

### D.   During Defendant Mizrahi's Employment at Intimateco LLC, Defendant Mizrahi Stole and Converted Plaintiff Intimateco's Checking Account Number, Routing Number, and Monetary Funds

49. During the course of his employment at Intimateco, LLC, Defendant Mizrahi was privy to and had access to Plaintiff Intimateco's confidential company HSBC checking account number and routing number.

50. On information and belief, Defendant Mizrahi exercised possession, dominion and control over Plaintiff Intimateco's HSBC checking account number, routing number, and $2,000 in funds in Intimateco's HSBC checking account to the exclusion of Plaintiff Intimateco's rights.

51. On information and belief, Defendant Mizrahi used these converted funds to pay for his or his then family's personal bills. Thereafter, Mr. Eli Levy, president of Intimateco, received a telephone call from HSBC fraud department asking Mr. Levy if said transaction by Mizrahi was a legitimate transaction, for which Mr. Levy denied. (*See* attached Intimateco's HSBC bank statement showing that $2,000 was taken out of Intimateco's account, attached as Exhibit M).

52. As a result of Defendant Mizrahi's conduct, Plaintiff has been damaged to the extent that Defendant has asserted dominion over and converted to his own use and benefit Plaintiff

Intimateco's HSBC checking account number, routing number, and $2,000 in funds in Intimateco's HSBC checking account that is the property of Plaintiff Intimateco.

**E.** **Defendant Mizrahi Stole the Identity of Plaintiff's President, Eli Levy, to Falsely Apply and Attain a Credit Card in Mr. Levy's Name and Charge Purchases to Mr. Levy's Account.**

53. On information and belief, in 2013, Defendant Mizrahi falsely represented, in a credit card application to Capital One bank, that he was Plaintiff Intimateco's president Eli Levy.

54. On information and belief, Defendant Mizrahi signed Plaintiff Intimateco's president's name Eli Levy, and was able to open a credit card account in Mr. Levy's name.

55. On information and belief, this false representation was material to the transaction at hand because it allowed Defendant Mizrahi to acquire a credit card to make purchases totaling approximately $20,000, for which the Plaintiff would be responsible for paying.

56. On information and belief, Defendant Mizrahi knew that he was stealing Plaintiff Intimateco's president's identity when he was falsely representing to the credit card company that he was Eli Levy.

57. On information and belief, Defendant Mizrahi acted with the intent of misleading the credit card company into believing that he was Eli Levy when he was applying for the credit card.

58. On information and belief, the credit card company justifiably relied on this false representation when they issued Defendant Mizrahi a credit card in Eli Levy's name.

59. Plaintiff has sustained a loss as a result of the false representation by Defendant Mizrahi, and Defendant Mizrahi's conduct has caused Plaintiff harm because Plaintiff became responsible for making credit card payments for items he did not purchase or was even aware of their purchase. Plaintiff suffered damages due to the reduction of her credit score for missing payments for items which Mr. Levy never knew were purchased in his name.

**F.  Based on the U.S. Customs Records of All U.S. Shipments Imported By Intimateco that Mizrahi Copied and Stole from Plaintiff, and Based on Defendant Mizrahi's Improper and Falsified Trademark and Copyright Registrations, Defendant Mizrahi Effected the Improper Seizure of Plaintiff's Underwear Products by U.S. Customs.**

60. Seeking to improperly interfere with Plaintiff's Intimateco's business, Defendant Mizrahi, on information and belief, had U.S. Customs and Borders Protection ("CBP") seize two (2) containers of Plaintiff's merchandise at the Port of New York/Newark.

61. Specifically, on information and belief, on June 6, 2016, CBP registered Defendant Mizrahi's false and improper trademark registration for the mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE. (Reg. No. 4,968,037) and on May 18, 2016, CBP registered Defendant Mizrahi's false and improper Copyright Registration No. VA 1-995-798. On information and belief, Mizrahi waited until Intimateco's shipments were dispatched from China before he registered his false trademark and copyright with CBP in order to effect the seizure of Intimateco's underwear products when they arrived at the port.

62. In addition, on information and belief, Defendant Mizrahi learned of Plaintiff's U.S. Customs and shipping information, including container numbers by bribing an employee of the shipper of the containers located in China whom Mizrahi had met at a Canton Fair when Mizrahi visited China. (*See* Exhibit I and I1).

63. Thereafter, on June 6, 2016, and based on Defendant Mizrahi's false trademark and copyright registrations and based on Defendant Mizrahi's improperly gained knowledge of Plaintiff's U.S. Customs and shipping information, Defendant Mizrahi caused CBP to improperly seize Plaintiff's container containing 50,640, packaged underwear products (valued at $135,586) on July 5, 2016 (*see* July 5, 2016 CBP "Notice of Seizure," attached as Exhibit J), and to improperly seize Plaintiff's

additional container containing 42,480 packaged underwear products (valued at $112,900) on August 3, 2016 (*see* August 3, 2016 CBP "Notice of Seizure," attached as Exhibit K).

64. The improper seizure of Plaintiff's underwear inventory caused by Defendant Mizrahi's underhanded actions has caused financial damages to Plaintiff's business.

> **G.    Defendants Bliss Lingerie Corp., Bliss Lingerie NYC, Inc., Albert Mizrahi, Kidz World, Inc., Victor Dana (I), and Victor Dana (II) Improperly Interfered with Plaintiff Intimateco's Business and Contractual Relationships with Its Retail Customers and Vendors.**

65. Plaintiff Intimateco has protected interests in its advantageous business and contractual relationships with its retail customers and vendors, including its vendors Jinjiang Yuelong Knitting & Clothing Co., Ltd. and its division, Xiamen Holy Luck Co. Ltd.; and Ideal Clothing Industry Ltd. and its division, Xiamen Ruiri Import and Export Trade Co.

66. In addition, Plaintiff Intimateco had an exclusive business agreement with the factory Xiamen Holy Luck Co. Ltd. wherein Xiamen Holy Luck, and all of its subsidiaries, agents, and affiliates had agreed not to do any business with, or ship any orders to any other buyer other than Plaintiff Intimateco for the U.S. market. (*See* January 7, 2016 contract with Xiamen Holy Luck Co. Ltd. attached as Exhibit Q).

67. On information and belief, Defendants Bliss Lingerie Corp., Bliss Lingerie NYC, Inc., and Albert Mizrahi and Kidz World, Inc., Victor Dana (I), and Victor Dana (II) knew of and were aware of Intimateco's protected interests and advantageous business and contractual relationships with Intimateco's retail customers and vendors, including Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd.; and Ideal Clothing Industry Ltd. and its division, Xiamen Ruiri Import and Export Trade Co., and potential business relationships therewith.

**Defendants Interfered with Plaintiff Intimateco's Vendors Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd.**

68. On information and belief, Defendants Bliss Lingerie Corp., Bliss Lingerie NYC, Inc., and Albert Mizrahi knowingly and willfully interfered with Intimateco's business and contractual relationship with Intimateco's retail customers and vendors Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd., by Defendants:

(a) usurping Plaintiff's protected trademark and copyrighted packaging, and passing them off as their own,

(b) on information and belief, improperly obtaining of Plaintiff Intimateco's shipping container numbers from Intimateco's vendors Xiamen Holy Luck Co. Ltd. and/or Jinjiang Yuelong Knitting & Clothing Co., Ltd.

(c) then falsely registering Plaintiff's protected trademark and copyrighted packaging with U.S. Customs (CBP) as falsely belonging to Defendants, and

(d) then improperly and illegally notifying CBP to seize two containers of Plaintiff's underwear products. (*See* Exhibits L, H, I, I1, J, and K).

69. On information and belief, these actions were knowing and willful, and were intended to damage Plaintiff's business and contractual relationships with its retail customers and with Intimateco's vendors Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd., and were done in order to usurp Plaintiff's said business and contractual relationships for the benefit of Defendants.

70. Also, on information and belief, Defendants Bliss Lingerie Corp., Bliss Lingerie NYC, Inc., and Albert Mizrahi knowingly and willfully interfered with Intimateco's business and contractual relationships with its retail customers and with its vendors Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd. by making defamatory and false statements to Intimateco's

vendors (Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd.) that Plaintiff Intimateco's and its owner, Eli Levy, **were "dishonest" and "thieves."** In addition, Mizrahi proposed that if Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd. discontinued their business with Intimateco, and agreed to commence business with Mizrahi and his companies instead, Mizrahi would guarantee ordering 15 containers yearly from them.

Hi Nina/Helen,

Yes i do remember the samples you sent, we met you in Canton Fair last year, and we were ready to place an order with your factory and start doing business together but we had a big problem, after we checked the Usa import history, we found out that you are doing business with a very bad company here in New York, im sure from your past experience with doing business with Them, you already know that **the owner is a THIEF and NOT honest person**, he always find a way to come up with excuses and make up fake stories that the merchandise are damaged or something is wrong and he never pay for the merchandise or he will deduct big amount of money on every order , he did and continue doing that to all different factories in china, he already hurt 4 factories that we are currently doing business with and **stole more than $372,000usd dollars** from them. And as a result of his actions one of the small factory that he stole money from were forced to close and go out of business and let go all workers because he refused to pay them money for merchandise he already received and the factory owner didn't have money to continue doing business and no money to pay their workers!! You can ask many factories in shantou area about this person and they will tell you not to do business with him he's very well known for being a crook and a thief!!... **I can give you a guarantee of a minimum order of 600,000packs (12 containers per year) of 5 pack ladies packaged panties**, and another order for 3 pack men underwear, and we can provide you with so many references from factories in shantou and yiwu that we already doing business with for many years and they will tell you who we are and how honest we are, we pay on time and we pay in full and we never ever deduct $1 from anyone. Please let me know if you still have any relationship with this company and how you like to proceed and **we can start placing our first order together**….

Thanks,

Bliss Lingerie Corp.
Albert Mizrahi
President/CEO
19 W.. 34th Street
Suite 905
New York, NY, 10018.
O: 1-866-68-BLISS Ext.101
M: 1-646-750-5777
F: 1-718-998-2226

QQ:  3278556079
Wechat ID: Amizrahi
E: Sales@BlissLingerieCorp.com

(See June 21, 2016 email of Albert Mizrahi and related correspondence attached as Exhibit R)(emphasis added).

71. These statements were false and dishonest and were expressly intended to damage and destroy Plaintiff's business and contractual relationship with Intimateco's retail customers and vendors (Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd.), and in order to usurp Plaintiff's said business and contractual relationships for the benefit of Defendants.

72. Specifically, on information and belief, in his June 21, 2016 email, Mizrahi threatened representatives of Jinjiang Yuelong Knitting & Clothing Co., Ltd. that Mizrahi and Bliss Lingerie Corp. **would only do business with Yuelong Knitting if Yuelong Knitting stopped doing business with Intimateco and its president, Eli Levy**:

> …So im not sure if you are still doing business with him or not but **we cant do business with any factory that's doing business with this person** that's our company policy. However if you already stopped doing business with him we can move forward and start doing business together.
> I can give you a guarantee of a minimum order of 600,000packs (12 containers per year) of 5 pack ladies packaged panties, and another order for 3 pack men underwear….
> Please let me know if you still have any relationship with this company and how you like to proceed and we can start placing our first order together.
>
> Thanks,
>
> Bliss Lingerie Corp.
> Albert Mizrahi
> President/CEO
> 19 W.. 34th Street
> Suite 905
> New York, NY, 10018.
> 0: 1-866-68-BLISS Ext.101
> M: 1-646-750-5777
> F: 1-718-998-2226
> QQ:  3278556079

Wechat ID: Amizrahi
E: Sales@BlissLingerieCorp.com

(*See* June 21, 2016 email of Albert Mizrahi and related correspondence attached as Exhibit R).

73. Defendants acted solely out of malice and/or used dishonest and unfair practices and/or improper means to interfere with Plaintiff's said business and contractual relationships with Intimateco's retail customers and vendors.

74. As a direct and proximate cause of Defendants' improper actions, **two containers containing Plaintiff's underwear products were falsely and improperly seized by CBP with a combined total value of $248,486**. As a result, Plaintiff has been precluded from delivering these goods to its retail customers and cannot pay its vendors Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd. because the goods have been improperly seized and did not clear U.S. Customs. (*See* Exhibits L, H, I, I1, J, and K).  Also, because Plaintiff's goods have been improperly seized, Plaintiff's retail customers have been damaged because Plaintiff is now prevented from delivering its seized goods in order fulfill its committed deliveries to Plaintiff's customers. As a result, Plaintiff's business and contractual relationships with its retail customers have been damaged.

75. As a direct and proximate cause of Defendants' improper actions, including having Plaintiff's underwear products falsely and improperly seized by CBP, and as a result of Defendants' false and disparaging statements regarding Plaintiff Intimateco and its president: **(a)** Plaintiff's vendors Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd. have refused to do business with Intimateco; and **(b)** Plaintiff's vendors have required that Plaintiff pay them in full for the two seized shipments of underwear products even though these products were not received by Plaintiff and were improperly seized as a result of Defendants' improper and underhanded actions. (*See* July 5, 2016 email of Nina Wang and related correspondence, and June 29, 2016 email of Nina Wang and related correspondence, attached hereto as Exhibit S).

76. On information and belief, Defendants' conduct constitutes tortious interference with Plaintiff's said business and contractual relationships with Intimateco's retail customers and vendors.

77. On information and belief, as a direct and proximate cause of Defendants' wrongful conduct, Plaintiff Intimateco has lost sales and has been financially damaged by the actions of Defendants.

**Defendants Interfered with Plaintiff Intimateco's Vendors Ideal Clothing Industry Ltd. and its division, Xiamen Ruiri Import and Export Trade Co.**

78. On information and belief, Defendants Bliss Lingerie Corp., Bliss Lingerie NYC, Inc., and Albert Mizrahi and Kidz World, Inc., Victor Dana (I), and Victor Dana (II) knowingly and willfully interfered with Intimateco's business and contractual relationship with Intimateco's retail customers and vendors Ideal Clothing Industry Ltd. and its division, Xiamen Ruiri Import and Export Trade Co. by Defendants usurping Plaintiff's protected trademark and copyrighted packaging, and passing them off as their own.

79. On information and belief, Defendants Mizrahi and Bliss Lingerie and Kidz World, Inc., Victor Dana (I), and Victor Dana (II) contracted with and had business dealings with Intimateco's vendors Ideal Clothing Industry Ltd. and its division, Xiamen Ruiri Import and Export Trade Co., whereby Ideal and Xiamen Ruiri would manufacture Mizrahi's and Bliss Lingerie's aforementioned infringing underwear products and packaging bearing Plaintiff's trademark and copyrighted design and text.

80. Also, on information and belief, in April 2014, Defendant Kidz World, at the direction and control of Defendants Mizrahi, Bliss Lingerie, Victor Dana (I), and Victor Dana (II), began importing the infringing Bliss Lingerie underwear products from Ideal and Xiamen Ruiri into the U.S. *See* certificate of origins accompanied by their matching bill of ladings showing that Ideal Clothing Industry Ltd. and Xiamen Ruiri Import and Export Trade Co. are related companies,

attached as **Exhibit T**, *i.e.*, the carton count listed on the certificate of origin matches the carton count listed on the bill of ladings; *see also* Kidz World shipping record, attached as **Exhibit U**, showing that Kidz World started importing 5pk Bliss Lingerie panties from Xiamen Ruiri Import and Export Trade Co. (Ideal Clothing) in April of 2014 (**Note: page 1 of Ex. U** shows that the Bliss Lingerie carton marking directly connects Kidz World's and Bliss Lingerie's business arrangement; and **page 3 of Ex. U** shows that Kidz World's first import of the infringing Bliss Lingerie underwear to be April 14, 2014 – this further proves that Defendant Bliss Lingerie did not first use the mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE. in commerce in 2013 as Defendant Mizrahi falsely indicated in his trademark registration (Reg. No. 4,968,037)).

81. On information and belief, these actions were knowing and willful, and were intended to damage Plaintiff's business and contractual relationships with its retail customers and with Intimateco's vendors Ideal Clothing Industry Ltd. and its division, Xiamen Ruiri Import and Export Trade Co., and were done in order to usurp Plaintiff's said business and contractual relationships for the benefit of Defendants.

82. Defendants acted solely out of malice and/or used dishonest and unfair practices and/or improper means to interfere with Plaintiff's said business and contractual relationships with Intimateco's retail customers and vendors.

83. On information and belief, as a direct and proximate cause of Defendants' improper actions, Ideal Clothing Industry Ltd. and its division, Xiamen Ruiri Import and Export Trade Co., have stopped doing business with Intimateco.

84. On information and belief, Defendants' conduct constitutes tortious interference with Plaintiff's said business and contractual relationships with Intimateco's retail customers and vendors.

85. On information and belief, as a direct and proximate cause of Defendants' wrongful conduct, Plaintiff Intimateco has lost sales and has been financially damaged by the actions of Defendants.

**COUNT ONE**
**FEDERAL TRADEMARK INFRINGMENT,**
**FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND THEFT OF**
**PLAINTIFF'S TRADEMARK 15 U.S.C. § 1125(a)**
**(Against Defendants Bliss Lingerie Corp., Bliss Lingerie NYC, Inc., Albert Mizrahi, Kidz**
**World, Inc., Victor Dana(I), and Victor Dana (II))**

86. Plaintiff repeats the above allegations as if fully set forth herein.

87. Plaintiff created and owns all rights to the federal trademark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE. (Serial No. 87/097,295) which was first used by Plaintiff in interstate commerce as early as November 5, 2010. (*See* Exhibit B).

88. Defendants Bliss Lingerie's and Defendant Mizrahi's actions as of May 31, 2016, of selling underwear bearing the identical and infringing mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE. (Reg. No. 4,968,037) (the "`037 trademark registration") (*see* Exhibit F), alleging a first use in commerce of August 29, 2013), without the consent of Plaintiff, has caused a likelihood of confusion, mistake, deception and/or initial interest confusion in the minds of the public and business entities with Plaintiff and, additionally, injury to Plaintiff's goodwill and reputation in its trademark.

89. On September 16, 2015, Defendant Mizrahi improperly and falsely filed and registered the mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE. with the U.S. Trademark Office in the name of Bliss Lingerie Corp. when Mizrahi was an employee of  Plaintiff Intimateco (*see* Exhibit F).

90. On information and belief, Plaintiff's first use in commerce of its mark dating back to November 5, 2010 pre-dates the date of first use alleged in Defendants' false trademark `037

trademark registration of August 29, 2013. Plaintiff's earlier common-law trademark rights, as a result of first use of its mark in commerce in 2010, have priority under 15 U.S.C. §1057 (c) and §1125(a), protecting Plaintiff's unregistered mark. The Lanham Act on trademarks specifically states that Plaintiff's earlier common-law trademark rights are not wiped out by Mizrahi's and Bliss Lingerie's later-filed trademark registration. (*See* Exhibit B).

91. On information and belief, Defendant Kidz World, Inc., through the direction and control of its CEO, Victor Dana (I), and partner Victor Dana (II) is violating Plaintiff's trademark rights by importing, shipping, and selling Mizrahi's and Bliss Lingerie's infringing underwear products bearing Defendants Mizrahi's and Bliss Lingerie's infringing mark. (*See* Exhibit L)

92. As a direct and proximate result of Defendants' unlawful conduct, Defendants Mizrahi and Bliss Lingerie have misappropriated and stole Plaintiff's rights in said Trademark, as well as the goodwill associated therewith, and have diverted sales and profits from Plaintiff to Defendants. Thus, as a direct and proximate result of Defendants' acts of willful infringement, Plaintiff has suffered damage to its valuable brand, and other damages in an amount to be proven at trial, including the profits of Defendants Mizrahi and Bliss Lingerie, Kidz World, Inc., Victor Dana (I)) and Victor Dana (II) and Plaintiff's lost profits.

93. Plaintiff has no adequate remedy at law. If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

94. Defendants' unauthorized use and sale of products bearing the Plaintiff's exact trademark thus constitutes trademark infringement, false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

95. In addition, Defendants' unauthorized use and sale of products bearing of Plaintiff's trademark in connection with their manufacture, advertisement, offer to sell and sale of underwear is

likely to confuse consumers, irreparably injure Plaintiff, and constitutes trademark infringement, false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

96. Defendants' aforesaid acts are exceptional within the meaning of 15 U.S.C § 1117, which entitles Plaintiff to attorney fees.

**COUNT TWO**
**CANCELLATION OF BLISS LINGERIE'S IMPROPER TRADEMARK**
**REGISTRATION UNDER LANHAM ACT § 14**
**(Against Defendants Bliss Lingerie Corp. and Albert Mizrahi)**

97. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

98. Defendant Mizrahi and his company Defendant Bliss Lingerie improperly obtained the registration for the mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE. ("the Improper Registration") on May 31, 2016 within five (5) years from the date hereof. (*See* Exhibit F).

99. The Improper Registration (*see* Exhibit F) has and continues to damage Plaintiff by virtue of the fact that the Improper Registration is utilized to apply the Infringing Mark to the Infringing Products which cause and are likely to continue to cause confusion in the marketplace as to the source of Defendants' products and also dilute, tarnish and diminish the presence of Plaintiff's prior mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. in the marketplace.

100.     Indeed, the Improper Registration was improperly obtained because it was filed while Defendants Mizrahi and Bliss Lingerie were fully aware of the existence of Plaintiff's prior common law rights to the mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. and was based off of same, thus creating a likelihood of confusion.

101.     Accordingly, the Improper Registration (*see* Exhibit F) must be cancelled.

## COUNT THREE
## FEDERAL COPYRIGHT INFRINGEMENT AND THEFT OF PLAINTIFF'S COPYRIGHTED MATERIALS UNDER 17 U.S.C. §§ 101, ET SEQ.
### (Against Defendants Bliss Lingerie Corp., Bliss Lingerie NYC, Inc., Albert Mizrahi, Kidz World, Inc., Victor Dana (I), and Victor Dana (II))

102.     Plaintiff repeats the above allegations as if fully set forth herein.

103.     Plaintiff has duly complied with all requirements of the Copyright Act with respect to the protection of the original works of authorship that are the subject of Plaintiff's Copyright by filing Copyright Registration No. VA 2-008-547. (*See* Exhibit C).

104.     Plaintiff is the owner of an original work of authorship used on its packaging design, namely, related artwork which is the subject of a U.S. Copyright Registration.  (*See* Exhibit C).

105.     On October 9, 2015, Defendant Mizrahi improperly and falsely registered U.S. Copyright Registration No. VA 1-995-798 with the U.S. Copyright Office in the name of Bliss Lingerie Corp. when Mizrahi was an employee of Plaintiff Intimateco. (*See* Exhibits G and L).

106.     Plaintiff is the owner of Copyright Registration No. VA 2-008-547. (*See* Exhibit C).

107.     Defendants Mizrahi and Bliss Lingerie have, without any license, consent or authority from Plaintiff, copied the original works of authorship that is the subject of the Plaintiff's Copyright Registration No. VA 2-008-547. (*See* Exhibits C, G, L, and O).

108.     On information and belief, Defendant Kidz World, Inc., through the direction and control of its CEO, Victor Dana (I), and partner Victor Dana (II) is violating Plaintiff's copyright rights by importing, shipping, and selling Mizrahi's and Bliss Lingerie's infringing underwear products bearing Defendants Mizrahi's and Bliss Lingerie's infringing design. (*See* Exhibit L).

109.     Defendants have thereby willfully infringed and continue to infringe Plaintiff's Copyright Registration No. VA 2-008-547 in the original work of authorship that is the subject of the Plaintiff's Copyright. (*See* Exhibits C, G, L, and O).

110.     On information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Plaintiff's exclusive rights in its packaging designs and artwork.

111.     On information and belief, as a result of Defendants' copyright infringement, Defendants have made substantial profits and gains to which they are not entitled to retain.

112.     As a direct and proximate result of Defendants' unlawful conduct, Defendants have caused and will continue to cause damages and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

113.     Plaintiff requests that the Court declare Defendants' falsely registered U.S. Copyright Registration No. VA 1-995-798 invalid and unenforceable. (*See* Exhibits C, G, L, and O).

**COUNT FOUR**
**INJURY TO BUSINESS REPUTATION AND**
**TRADEMARK DILUTION, N.Y. G.B.L. § 360-1**
**(Against Defendants Bliss Lingerie Corp., Bliss Lingerie NYC, Inc., Albert Mizrahi, Kidz World, Inc., Victor Dana (I), and Victor Dana (II))**

114.     Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

115.     Defendants' illegal acts as set forth above have caused and will cause injury to Plaintiff by tarnishing Plaintiff's valuable reputation and diluting or blurring the distinctiveness of the Plaintiff's Mark in violation of New York General Business Law § 360-1. (*See* Exhibit L).

116.     Plaintiff does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of infringing underwear unless this Court enjoins Defendants from such deceptive business practices.

**COUNT FIVE**
**TRADEMARK INFRINGEMENT AND**
**UNFAIR COMPETITION UNDER NEW YORK COMMON LAW**
**(Against Defendants Bliss Lingerie Corp., Bliss Lingerie NYC, Inc., Albert Mizrahi, Kidz World, Inc., Victor Dana (I) and Victor Dana (II))**

117.     Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

118.     Plaintiff has built up valuable goodwill in the mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE. (*See* Exhibit B). As such, Plaintiff's Mark has become associated with Plaintiff's underwear products, and have come to symbolize the reputation for quality and excellence of Plaintiff's underwear products.

119.     Defendants' wrongful use of Plaintiff's Mark as alleged herein is likely to deceive the public into believing falsely that Defendants' infringing underwear products are associated with, originate from, or are offered, sponsored or approved by Plaintiff, or that there is otherwise a connection between Plaintiff's and Defendants' products and businesses. Defendants have unfairly competed with Plaintiff in violation of New York common law and laws of states in which Defendants have marketed and sold their infringing underwear. (*See* Exhibit L)

120.     On information and belief, such actions were taken by Defendants in a deliberate attempt to misappropriate and trade off of the goodwill and valuable reputation of Plaintiff and Plaintiff's Mark. Such action is a willful attempt by Defendants to usurp the goodwill in Plaintiff's rights to the mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE., and constitutes unfair competition in violation of New York common law and the laws of other states in which Defendants have marketed and sold their infringing underwear. (*See* Exhibit L)

121.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damage to its valuable mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE., and other damages in an amount to be proven at trial. (*See* Exhibit L)

122.     Plaintiff does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of their infringing underwear unless this Court enjoins Defendants from such deceptive business practices.

**COUNT SIX**
**UNJUST ENRICHMENT**
**UNDER NEW YORK COMMON LAW**
**(Against Defendants Bliss Lingerie Corp., Bliss Lingerie NYC, Inc., Albert Mizrahi, Kidz**
**World, Inc., Victor Dana (I), and Victor Dana (II))**

123.      Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

124.      Defendants have received substantial benefits and profited from its unlawful use of Plaintiff's FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE mark PERFECTLY. QUALITY. COMFORT. CONFIDENCE., and its copyrighted material, but has not compensated Plaintiff for the benefits Defendants received. (*See* Exhibit L).

125.      Defendants' receipt of the above benefits and profits constitutes unjust enrichment.

126.      Defendants' conduct has damaged Plaintiff in an amount to be determined at trial.

**COUNT SEVEN**
**VIOLATION OF § 349(h) NEW YORK ACT FOR**
**CONSUMER PROTECTION FROM DECEPTIVE ACTS AND PRACTICES**
**(Against Defendants Bliss Lingerie Corp., Bliss Lingerie NYC, Inc., Albert Mizrahi, Kidz**
**World, Inc., Victor Dana (I), and Victor Dana (II))**

127.      Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

128.      Defendants' use of Plaintiff's mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE., and its Copyrighted material constitute efforts to pass off its products as products originating from Plaintiff. Defendants' actions described herein are consumer-oriented and are misleading in a material way. (*See* Exhibit L).

129.      Defendants' use of Plaintiff's mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE., and its Copyrighted material causes a likelihood of consumer confusion and misunderstanding as to the source, sponsorship, approval, or association with respect to Defendants' underwear products referenced herein. (*See* Exhibit L).

130.     Defendants' use of Plaintiff's mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE., and its Copyrighted material constitutes a deceptive trade practice in violation of N.Y. Gen. Bus. § 349(h). (*See* Exhibit L).

131.     Defendants' actions are willful and deliberate.

132.     Defendants' conduct has damaged Plaintiff in an amount to be determined at trial.

133.     Defendants' conduct has caused and, unless restrained by this Court, will continue to cause Plaintiff irreparable injury. Plaintiff has no adequate remedy at law for Defendants' infringement and deceptive practices.

<u>**COUNT EIGHT**</u>
<u>**TRADE SECRET AND CONFIDENTIAL INFORMATION MISAPPROPRIATION**</u>
<u>**(Against Defendants Bliss Lingerie Corp., Bliss Lingerie NYC, Inc., Albert Mizrahi, Kidz**</u>
<u>**World, Inc., Victor Dana (I), Park Slope-N-Corp, and Victor Dana (II))**</u>

134.     Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

135.     Plaintiff has expended considerable time, effort, and money developing its trade secrets, including but not limited to: product information relating to costs, sales, profits, inventory, overhead, style numbers, customer names, factory names, customer information, factory information, pricing, product designs, packaging designs, test data, and other information about the design, finances and manufacturing process for its underwear products. (*See* Exhibits A, B, C).

136.     Plaintiff has undertaken efforts to ensure that its trade secrets, including its confidential business and financial information are kept secret and confidential and are not generally known to the public. Its efforts include, but are not limited to: (1) identifying materials as proprietary and confidential information belonging to Plaintiff; (2) maintaining computer files in a password-protected system; and (3) selectively including only those persons within the organization that need to be in the loop on specific information. (*See* Exhibit A).

137.     Because of Defendant Albert Mizrahi's employment and trusted position at Intimateco LLC, Defendant Mizrahi had access to Plaintiff's trade secrets and/or confidential information, including but not limited to Intimateco's: product information relating to costs, sales, profits, inventory, overhead, style numbers, customer names, factory names, customer information, factory information, pricing, product designs, packaging designs, test data, and other information about the design, finances and manufacturing process for its underwear products. (*See* Exhibit A and P).

138.     Plaintiff shared this confidential and proprietary information with Defendant Albert Mizrahi, as its employee, and Defendant Mizrahi agreed not to divulge or appropriate for his own use or for the use of others any secret or confidential information or knowledge obtained by him or disclosed to him during his employment at Intimateco LLC. (*See* Exhibit A).

139.     Despite these safeguards, without Plaintiff's consent, and in violation of New York common law, Defendant Mizrahi owed a duty to Plaintiff to maintain the secrecy of Plaintiff's trade secrets and confidential information. (*See* Exhibits L, H, I and I1).

140.     On information and belief, Defendant Mizrahi used Plaintiff's trade secrets and confidential information in the performance of his duties for his own benefit, and disclosed Plaintiff's trade secrets and confidential information to Defendants and their employees and officers. (*See* Exhibits L, H, I , I1, and O).

141.     On information and belief, Defendants Bliss Lingerie, Victor Dana (I), Kidz World, Park Slope-N-Corp, and Victor Dana (II) had a reason to know and, upon information and belief, did know at and/or after the time that Defendant Mizrahi disclosed Plaintiff's confidential information and trade secrets, and at and/or after the time Defendants Bliss Lingerie, Victor Dana (I), Kidz World, Park Slope-N-Corp, and Victor Dana (II) made use of these trade secrets, that these trade

secrets came from Plaintiff, and that Defendant Mizrahi owed a duty to Plaintiff to maintain their secrecy. (*See* Exhibits L, H, I, and I1).

142.     On information and belief, Defendants Victor Dana (I) and his partner, Victor Dana (II), learned the names of Intimateco's manufacturing factories through Defendant Mizrahi and used them to manufacture underwear products for Dana (I)'s and Dana (II)'s company Kidz World, Inc. (*See* Exhibits L, H, I and I1).

143.     On information and belief, Defendant Park Slope-N-Corp and Victor Dana (II) learned of Intimateco's customers, *e.g.*, Citi Trends, and solicited Defendant Mizrahi and his company Bliss Lingerie to sell Park Slope-N-Corp's underwear products to Intimateco's customers, including Citi Trends.

144.     On information and belief, as a result of the violations of Defendants Mizrahi, Bliss Lingerie, Kidz World, Victor Dana (I), and Victor Dana (II), Plaintiff Intimateco has suffered damages and continues to suffer damages as a result of Defendants' actions.

145.     On information and belief, as a result of the violations of Defendants Mizrahi, Bliss Lingerie, Kidz World, Victor Dana (I), and Victor Dana (II), Plaintiff has suffered and continues to suffer irreparable harm.

## COUNT NINE
## CONVERSION (THEFT) OF BUSINESS RECORDS
### (Against Defendant Albert Mizrahi)

146.     Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

147.     During the course of his employment at Intimateco, LLC, Defendant Mizrahi was privy to and had access to Plaintiff Intimateco's confidential inventory and product list, QuickBooks records, U.S. Customs records, and all the computer business records of the company which were stored and maintained in Intimateco's confidential computer files. (*See* Exhibit A and P).

33

148.      On June 12, 2013, while Defendant Mizrahi was employed at Intimateco, LLC,

Defendant improperly and in violation of Intimateco LLC's "Electronic Information Technology

Policy" emailed Intimateco LLC's confidential inventory and product list from Intimateco's

confidential computer files to Defendant Mizrahi's personal email address. Intimateco LLC's

confidential inventory and product list is an 87 page spread sheet report listing every product being

sold by Intimateco (including thousands), their style nos., quantities, cost, sales, overhead, and profit

information. (*See* Exhibits H, I, and I1). Electronic records that are stored on a computer and are

indistinguishable from printed documents are subject to a claim of conversion in New York.

149.      Also, on August 30, 2016, Eli Levy, president of Intimateco, LLC, received a

threatening letter stating that while Defendant Mizrahi was an employee at Intimateco, Mizrahi made

copies of all confidential and proprietary records, including all QuickBooks recorded information

relating to costs, sales, profits, inventory, overhead, style numbers, customer names, factory names,

customer information, factory information, pricing, thousands of copyrightable product designs,

thousands of copyrightable packaging designs, pictures of thousands of products and styles being

sold (identified in the 87 page inventory report), and U.S. Customs records of all U.S. shipments

imported by Intimateco.   (*See* Exhibits H, I, I1, and O). Electronic records that are stored on a

computer and are indistinguishable from printed documents are subject to a claim of conversion in

New York.

150.      On information and belief, this letter also threatens that Defendant Mizrahi will

disclose Intimateco's confidential inventory and product list, QuickBooks records, U.S. Customs

records, and all the computer business records of the company to Plaintiff's competitors in order to

destroy Plaintiff Intimateco's business. (*See* Exhibits H, I, and I1).

151.     To date, Defendant Mizrahi has failed to return Plaintiff Intimateco's confidential inventory and product list, QuickBooks records, U.S. Customs records, and all the computer business records of the company and on information and belief Defendant Mizrahi has improperly converted and misappropriated Plaintiff Intimateco LLC's confidential inventory and product list for his own economic gains.

152.     Plaintiff's possession of its confidential inventory and product list, QuickBooks records, U.S. Customs records, and all the computer business records of the company has been adversely affected and its value attenuated by Defendant Mizrahi's conversion. Defendant Mizrahi's actions have seriously diluted the business value of Plaintiff's confidential business records.

153.     As a result of the Defendant Mizrahi's conduct, Plaintiff has been damaged to the extent that Defendant has asserted dominion over and converted to his own use and benefit Plaintiff Intimateco's confidential business records that is the property of Plaintiff Intimateco.

154.     Unless Defendant Mizrahi is restrained and enjoined from asserting dominion over and converting Plaintiff Intimateco's confidential business records to his own use and benefit, Plaintiff will suffer grave and irreparable injury.

**COUNT TEN**
**CONVERSION (THEFT) OF**
**HSBC CHECKING ACCOUNT NUMBER AND ROUTING NUMBER**
**(Against Defendant Albert Mizrahi)**

155.     Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

156.     Plaintiff Intimateco, LLC had a right to Intimateco's company HSBC checking account number and routing number and the funds in its company HSBC checking account.

157.     During the course of his employment at Intimateco, LLC, Defendant Mizrahi was privy to and had access to Plaintiff Intimateco's confidential company HSBC checking account number and routing number. On information and belief, Mizrahi knew about Intimateco's checking

account number and routing number because it was listed on the bottom of Mizrahi's Intimateco payroll check.

158.     On information and belief, Defendant Mizrahi exercised possession, dominion and control over Plaintiff Intimateco's HSBC checking account number, routing number, and $2,000 in funds in Intimateco's HSBC checking account to the exclusion of Plaintiff Intimateco's rights. (*See* attached Intimateco's HSBC bank statement showing that $2,000 was taken out of Intimateco's account, attached as Exhibit M).

159.     As a result of the Defendant Mizrahi's conduct, Plaintiff has been damaged to the extent that Defendant has asserted dominion over and converted to his own use and benefit Plaintiff Intimateco's HSBC checking account number, routing number, and $2,000 in funds in Intimateco's HSBC checking account that is the property of Plaintiff Intimateco. (*See* Exhibit M).

160.     Unless Defendant Mizrahi is restrained and enjoined from asserting dominion over and converting Plaintiff Intimateco's HSBC checking account number, routing number, and funds to his own use and benefit, Plaintiff will suffer grave and irreparable injury.

**COUNT ELEVEN**
**IDENTITY THEFT UNDER**
**UNDER NEW YORK COMMON LAW G.B.L. § 380**
**(Against Defendant Albert Mizrahi)**

161.     Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

162.     On information and belief, in 2013, Defendant Mizrahi falsely represented, in a credit card application, that he was Plaintiff Intimateco's president Eli Levy.

163.     On information and belief, Defendant Mizrahi signed Plaintiff Intimateco's president's name Eli Levy, and was able to open a credit card account in Mr. Levy's name.

164.     On information and belief, this false representation was material to the transaction at hand because it allowed Defendant Mizrahi to acquire a credit card to make purchases totaling approximately $20,000, for which the Plaintiff would be responsible for paying.

165.     On information and belief, Defendant Mizrahi knew that he was stealing Plaintiff Intimateco's president's identity when he was falsely representing to the credit card company that he was Eli Levy.

166.     On information and belief, Defendant Mizrahi acted with the intent of misleading the credit card company into believing that he was Eli Levy, the president of Intimateco, when he was applying for the credit card.

167.     On information and belief, the credit card company justifiably relied on this false representation when they issued Defendant Mizrahi a credit card in Eli Levy's name.

168.     Plaintiff has sustained a loss as a result of the false representation by Defendant Mizrahi, and Defendant Mizrahi's conduct has caused Plaintiff harm because Plaintiff became responsible for making credit card payments for items he did not purchase or was even aware of their purchase. Plaintiff suffered damages due to the reduction of her credit score for missing payments for items which Mr. Levy never knew were purchased in his name. Additionally, Mr. Levy paid for the charges made fraudulently by Defendant Mizrahi.

169.     Plaintiff seeks a judgment for all the fraudulent purchases that were made in Mr. Levy's name such sums to be determined based upon an accounting of all fraudulent purchases made under his social security number, as well as all punitive damages, attorneys' fees, interest and costs provided by the law.

**COUNT TWELVE**
**TORTIOUS INTERFERENCE WITH BUSINESS EXPECTATIONS**
**AND/OR CONTRACTURAL RELATIONS**
**(Against Defendants Bliss Lingerie Corp., Bliss Lingerie NYC, Inc.,**
**Albert Mizrahi, Kidz World, Inc., Victor Dana (I), and Victor Dana (II))**

170.     Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

171.     Plaintiff Intimateco has protected interests in its advantageous business and contractual relationships with its retail customers and vendors, including its vendors Jinjiang Yuelong Knitting & Clothing Co., Ltd. and its division, Xiamen Holy Luck Co. Ltd.; and Ideal Clothing Industry Ltd. and its division, Xiamen Ruiri Import and Export Trade Co.

172.     In addition, Plaintiff Intimateco had an exclusive business agreement with the factory Xiamen Holy Luck Co. Ltd. wherein Xiamen Holy Luck, and all of its subsidiaries, agents, and affiliates had agreed not to do any business with, or ship any orders to any other buyer other than Plaintiff Intimateco for the U.S. market. (*See* January 7, 2016 contract with Xiamen Holy Luck Co. Ltd. attached as Exhibit Q).

173.     On information and belief, Defendants Bliss Lingerie Corp., Bliss Lingerie NYC, Inc., Albert Mizrahi, Kidz World, Inc., Victor Dana (I), and Victor Dana (II) knew of and were aware of Intimateco's protected interests and advantageous business and contractual relationships with Intimateco's retail customers and vendors, including Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd.; and Ideal Clothing Industry Ltd. and its division, Xiamen Ruiri Import and Export Trade Co., and potential business relationships therewith.

174.     On information and belief, Defendants Bliss Lingerie Corp., Bliss Lingerie NYC, Inc., and Albert Mizrahi knowingly and willfully interfered with Intimateco's business and contractual relationship with Intimateco's retail customers and vendors Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd., by Defendants:

**(a)** usurping Plaintiff's protected trademark and copyrighted packaging, and passing them off as their own,

**(b)** on information and belief, improperly obtaining of Plaintiff Intimateco's shipping container numbers from Intimateco's vendors Xiamen Holy Luck Co. Ltd. and/or Jinjiang Yuelong Knitting & Clothing Co., Ltd.

**(c)** then falsely registering Plaintiff's protected trademark and copyrighted packaging with U.S. Customs (CBP) as falsely belonging to Defendants, and

**(d)** then improperly and illegally notifying CBP to seize two containers of Plaintiff's underwear products. (*See* Exhibits L, H, I, I1, J, and K).

175.    On information and belief, these actions were knowing and willful, and were intended to damage Plaintiff's business and contractual relationships with its retail customers and with Intimateco's vendors Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd., and were done in order to usurp Plaintiff's said business and contractual relationships for the benefit of Defendants.

176.    Also, on information and belief, Defendants Bliss Lingerie Corp., Bliss Lingerie NYC, Inc., and Albert Mizrahi knowingly and willfully interfered with Intimateco's business and contractual relationships with its retail customers and with its vendors Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd. by making defamatory and false statements to Intimateco's vendors (Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd.) that Plaintiff Intimateco's and its owner, Eli Levy, **were "dishonest" and "thieves."** In addition, Mizrahi proposed that if Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd. discontinued their business with Intimateco, and agreed to commence business with Mizrahi and his companies instead, Mizrahi would guarantee ordering 15 containers yearly

from them. (See June 21, 2016 email of Albert Mizrahi and related correspondence attached as Exhibit R).

177.     These statements were false and dishonest and were expressly intended to damage and destroy Plaintiff's business and contractual relationship with Intimateco's retail customers and vendors (Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd.), and in order to usurp Plaintiff's said business and contractual relationships for the benefit of Defendants.

178.     Specifically, on information and belief, in his June 21, 2016 email, Mizrahi threatened representatives of Jinjiang Yuelong Knitting & Clothing Co., Ltd. that Mizrahi and Bliss Lingerie Corp. **would only do business with Yuelong Knitting if Yuelong Knitting stopped doing business with Intimateco and its president, Eli Levy**. (See June 21, 2016 email of Albert Mizrahi and related correspondence attached as Exhibit R).

179.     Defendants acted solely out of malice and/or used dishonest and unfair practices and/or improper means to interfere with Plaintiff's said business and contractual relationships with Intimateco's retail customers and vendors.

180.     As a direct and proximate cause of Defendants' improper actions**, two containers containing Plaintiff's underwear products were falsely and improperly seized by CBP with a combined total value of $248,486**. As a result, Plaintiff has been precluded from delivering these goods to its retail customers and cannot pay its vendors Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd. because the goods have been improperly seized and did not clear U.S. Customs. (See Exhibits L, H, I, I1, J, and K).  Also, because Plaintiff's goods have been improperly seized, Plaintiff's retail customers have been damaged because Plaintiff is now prevented from delivering its seized goods in order fulfill its committed deliveries to Plaintiff's customers. As a result, Plaintiff's business and contractual relationships with its retail customers have been damaged.

181.     As a direct and proximate cause of Defendants' improper actions, including having Plaintiff's underwear products falsely and improperly seized by CBP, and as a result of Defendants' false and disparaging statements regarding Plaintiff Intimateco and its president:

(a) Plaintiff's vendors Xiamen Holy Luck Co. Ltd. and Jinjiang Yuelong Knitting & Clothing Co., Ltd. have refused to do business with Intimateco now and in the future; and

(b) Plaintiff's vendors have required that Plaintiff pay them in full for the two seized shipments of underwear products even though these products were not received by Plaintiff and were improperly seized as a result of Defendants' improper and underhanded actions. (*See* July 5, 2016 email of Nina Wang and related correspondence, and June 29, 2016 email of Nina Wang and related correspondence, attached hereto as Exhibit S).

182.     On information and belief, Defendants' conduct constitutes tortious interference with Plaintiff's said business and contractual relationships with Intimateco's retail customers and vendors.

183.     On information and belief, as a direct and proximate cause of Defendants' wrongful conduct, Plaintiff Intimateco has lost sales and has been financially damaged by the actions of Defendants.

184.     Furthermore, on information and belief, Defendants Bliss Lingerie Corp., Bliss Lingerie NYC, Inc., Albert Mizrahi, Kidz World, Inc., Victor Dana (I), and Victor Dana (II) knowingly and willfully interfered with Intimateco's business and contractual relationship with Intimateco's retail customers and vendors Ideal Clothing Industry Ltd. and its division, Xiamen Ruiri Import and Export Trade Co. by Defendants usurping Plaintiff's protected trademark and copyrighted packaging, and passing them off as their own.

185.     On information and belief, Defendants Mizrahi, Bliss Lingerie, Kidz World, Inc., Victor Dana (I), and Victor Dana (II) contracted with and had business dealings with Intimateco's

vendors Ideal Clothing Industry Ltd. and its division, Xiamen Ruiri Import and Export Trade Co., whereby Ideal and Xiamen Ruiri would manufacture Mizrahi's and Bliss Lingerie's aforementioned infringing underwear products and packaging bearing Plaintiff's trademark and copyrighted design and text.

186.     Also, on information and belief, in April 2014, Defendant Kidz World, at the direction and control of Defendants Mizrahi, Bliss Lingerie, Victor Dana (I), and Victor Dana (II), began importing the infringing Bliss Lingerie underwear products from Ideal and Xiamen Ruiri into the U.S. *See* certificate of origins accompanied by their matching bill of ladings showing that Ideal Clothing Industry Ltd. and Xiamen Ruiri Import and Export Trade Co. are related companies, attached as **Exhibit T**, *i.e.*, the carton count listed on the certificate of origin matches the carton count listed on the bill of ladings; *see also* Kidz World shipping record, attached as **Exhibit U**, showing that Kidz World started importing 5pk Bliss Lingerie panties from Xiamen Ruiri Import and Export Trade Co. (Ideal Clothing) in April of 2014 (**Note: page 1 of Ex. U** shows that the Bliss Lingerie carton marking directly connects Kidz World's and Bliss Lingerie's business arrangement; and **page 3 of Ex. U** shows that Kidz World's first import of the infringing Bliss Lingerie underwear to be April 14, 2014 – this further proves that Defendant Bliss Lingerie did not first use the mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE. in commerce in 2013 as Defendant Mizrahi falsely indicated in his trademark registration (Reg. No. 4,968,037)).

187.     On information and belief, these actions were knowing and willful, and were intended to damage Plaintiff's business and contractual relationships with its retail customers and with Intimateco's vendors Ideal Clothing Industry Ltd. and its division, Xiamen Ruiri Import and Export

Trade Co., and were done in order to usurp Plaintiff's said business and contractual relationships for the benefit of Defendants.

188.     Defendants acted solely out of malice and/or used dishonest and unfair practices and/or improper means to interfere with Plaintiff's said business and contractual relationships with Intimateco's retail customers and vendors.

189.     On information and belief, as a direct and proximate cause of Defendants' improper actions, Ideal Clothing Industry Ltd. and its division, Xiamen Ruiri Import and Export Trade Co., have stopped doing business with Intimateco.

190.     On information and belief, Defendants' conduct constitutes tortious interference with Plaintiff's said business and contractual relationships with Intimateco's retail customers and vendors.

191.     On information and belief, as a direct and proximate cause of Defendants' wrongful conduct, Plaintiff Intimateco has lost sales and has been damaged in an amount that has not yet been fully determined.

192.     Unless Defendants Mizrahi, Bliss Lingerie, Kidz World, Inc., Victor Dana (I), and Victor Dana (II) are restrained and enjoined from continuing to unlawfully interfere with Plaintiff's business and contractual relationships, Plaintiff will suffer irreparable harm for which there is no adequate remedy at law.

193.     Plaintiff has been damaged by the actions of Defendants Mizrahi, Bliss Lingerie, Kidz World, Inc., Victor Dana (I), and Victor Dana (II): in an amount of at least $248,486 for Plaintiff's seized goods, in an amount of at least $248,486 for Plaintiff's lost profits, and in an amount of at least $500,000 for Plaintiff's lost vendors and customers.

## REQUEST FOR JURY TRIAL

Pursuant to F.R.C.P. 38, Plaintiff hereby demands its right to a jury trial on all issues triable to a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Intimateco LLC respectfully requests that process issue and be served upon Defendants, and that the claims in this action be tried and an Order be entered that:

1. Enjoins Defendants from unfairly competing with Intimateco in any manner whatsoever or from infringing on Intimateco's mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE, or copyright, and in particular, from manufacturing, distributing, selling, offering for sale, holding for sale or advertising any goods utilizing Intimateco's FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE. trademark or any colorable variations thereof, and Intimateco's copyright.

2. Permanently enjoins Defendants from unfairly competing with Intimateco in any manner whatsoever or from infringing on Intimateco's mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE., or copyright; and in particular, from manufacturing, distributing, selling, offering for sale, holding for sale or advertising any goods utilizing Intimateco's mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE or any colorable variations thereof, and using's Intimateco copyrighted material.

3. Cancels Defendant Mizrahi's and Bliss Lingerie's falsely acquired trademark registration for FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE. (Reg. No. 4,968,037).

4.   Declare Defendant Mizrahi's and Bliss Lingerie's falsely acquired Copyright Registration No. VA 1-995-798 invalid and unenforceable.

5. Require Defendants to recall from all distribution channels and all retail locations all products utilizing Intimateco's mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE, copyrighted material or any colorable variations thereof, and take affirmative steps to dispel such false impressions that heretofore have been created by its improper use of Intimateco's mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE, or colorable imitation thereof, and Intimateco's copyrighted material.

6. Require Defendants to deliver up for destruction all labels, signs, prints, packages, advertisements, products, and/or other matter infringing on or bearing the unauthorized reproduction or imitation of Intimateco's mark FINALLY PANTIES THAT FIT YOUR ACTIVE LIFESTYLE PERFECTLY. QUALITY. COMFORT. CONFIDENCE or Intimateco's copyrighted material, and all means for making such reproductions or imitations pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503.

7.   Require Defendants to account for its profits arising from their trademark infringement, copyright infringement, unfair competition, use of Intimateco's confidential and proprietary information, and other illegal and deceptive acts.

8. Require Defendants Albert Mizrahi, Bliss Lingerie, Kidz World, Inc., Victor Dana (I), and Park Slope-N-Corp, Victor Dana (II) and Kidz World to return all confidential and proprietary information back to Plaintiff Intimateco.

9. Enjoins Defendant Albert Mizrahi from any further disclosures to Defendants of Intimateco's confidential and proprietary information, and enjoins any further use of or profit

from such confidential and proprietary information by Defendants Albert Mizrahi, Bliss Lingerie, Kidz World, Inc., Victor Dana (I), and Park Slope-N-Corp, Victor Dana (II) and Kidz World.

10. Require Defendants to identify every person or employee who possessed or had access to any confidential information that was improperly taken from Intimateco and used by the Defendants.

11. Awards Plaintiff Intimateco actual damages, in an amount to be determined at trial, to the fullest extent allowed under 15 U.S .C. § 1117, 17 U.S.C. § 504 or, in the alternative, statutory damages pursuant to the Lanham Act, the Copyright Act, 17 U.S.C. § 504, or New York law for unfair competition in the maximum amount permitted by law.

11. Awards Plaintiff Intimateco actual damages for the trade secret misappropriation of Defendants Albert Mizrahi, Bliss Lingerie, Kidz World, Inc., Victor Dana (I), and Park Slope-N-Corp, Victor Dana (II) and Kidz World.

12. Awards Plaintiff Intimateco treble damages for Defendants' willful and deliberate actions to the fullest extent allowed under 15 U.S.C. § 1117, and N.Y. Gen. Bus. Law§ 349(h).

13. Awards Plaintiff Intimateco punitive damages pursuant to the law of unfair competition under New York State for Defendants' intentional, willful and malicious conduct.

14. Awards Plaintiff Intimateco costs and reasonable attorneys' fees to the fullest extent provided for by 15 U.S.C. § 1117 and 17 U.S.C. § 505 and punitive damages, interest and costs provided by the law.

15. Awards Plaintiff Intimateco prejudgment and postjudgment interest at the highest rate prescribed by law.

16. Taxes the costs of this case against Defendants.

17. Awards such other and further relief as this Court deems equitable and just.

                                       Respectfully submitted,
                                       **Plaintiff Intimateco LLC**

By: /s/ Ezra Sutton
        EZRA SUTTON, Esq. (ES-2189)
        JOSEPH SUTTON, Esq. (JS-9864)
        Plaza 9 Bldg., 900 U.S. Hwy. 9
        Woodbridge, New York 07095
        (732)-634-3520 PH/3511 FAX
        Attorneys for Plaintiff Intimateco LLC

Dated: September 20, 2016

*On the Complaint*:
Ezra Sutton
Anthony M. Morano

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify under the penalty of perjury pursuant to 28 U.S.C. § 1746, that the matter in controversy is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

**EZRA SUTTON P.A.**
Attorneys for Plaintiff,
**Intimateco LLC**


By: /s/ Ezra Sutton
EZRA SUTTON, Esq.
(ES-2189)


Dated: September 20, 2016